Alonzo CLARK *v.* STATE of Arkansas

CR 80-118                                    621 S.W. 2d 857

Supreme Court of Arkansas
Opinion delivered October 12, 1981

82

*E. Alvin Schay,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant, Alonzo Clark, was arrested and charged with rape on February 15, 1978, and was released on bail on March 10, 1978. On February 25, 1980, a jury found him guilty of rape and, after establishing that he had committed two previous felonies, sentenced him to life in prison. He then filed an appeal and the appellate public defender's office was appointed to represent him. That counsel alleged that appellant had been denied effective assistance of counsel and received permission to dismiss the appeal in order to proceed under our post-conviction procedure. Rule 37 of the Rules of Criminal Procedure, Ark. Stat. Ann., Vol. 4A (Repl. 1977). After an evidentiary hearing the Rule 37 petition was denied and a motion to reinstate the appeal was granted. Both appeals have been consolidated in this court. We affirm the judgment of conviction on direct appeal but reverse and dismiss on the post-conviction proceeding.

Appellant contends that there was not sufficient evidence to support the rape conviction. The test on appeal is whether there is substantial evidence to support the verdict. *Jones* v. *State,* 269 Ark. 119, 598 S.W. 2d 748 (1980). There was substantial evidence to support the conviction but it is needless to discuss that evidence because we reverse and dismiss the case on the post-conviction proceeding.

The point alleged to be error in the Rule 37 appeal is that the trial court should have found that appellant did not receive a timely trial and therefore was denied the effective assistance of counsel. The State concedes that more than three full terms of court passed before appellant was brought to trial, which was a violation of the rules then in effect. Rule 28.1, 28.2 and 28.3 of the Rules of Criminal Procedure. Ark. Stat. Ann., Vol. 4A (Repl. 1977). However, the State contends

that the appellant waived his right to a timely trial. Rule 30.2 states:

> Failure of a defendant to move for dismissal of the charges shall constitute a waiver of his rights under these rules.

Clearly the failure to move for dismissal of the charges waived appellant's right to a timely trial but that failure does not waive his right to effective assistance of counsel.

A person who is charged with a crime quite naturally is concerned about obtaining a timely trial but it is the public who has an interest in demanding that these persons be promptly and timely tried. It is for the public's protection that the timely trial procedures have been implemented and we deem it worthwhile to review these procedures found in several recent decisions. If a defendant is not brought to trial within the prescribed time, and a motion to dismiss is filed in the original proceeding, the defendant is entitled to a dismissal of charges without proof of prejudice. *Alexander v. State,* 268 Ark. 384, 598 S.W. 2d 395 (1980). However, where no motion to dismiss was filed in the original proceeding, and post-conviction relief is sought on the basis of inadequate representation of counsel for failure of the attorney to file a motion to dismiss, the defendant must prove prejudice from the claimed error. See *Neal* v. *State,* 270 Ark. 442, 605 S.W. 2d 421 (1980). The reasons for the procedural differences are that the issues are not the same, there could be a valid trial strategy involved in the latter situation, and in the post-conviction proceeding there is a judgment of conviction which is regular on its face and is being collaterally attacked.

If, in the original trial, the defendant knowingly and intelligently waived his speedy trial rights he cannot raise that argument in a post-conviction proceeding. Questions which might have been raised at the original trial are not permissible issues at a Rule 37 proceeding. *Neal* v. *State,* supra. However, if the defendant did not knowingly and understandingly waive his speedy trial rights he is entitled to

seek post-conviction relief on the basis of ineffective assistance of counsel.

Appellant's original trial counsel admitted in retrospect that the motion probably should have been made, but he also contended that he was employing a delaying strategy in the hope that the prosecutrix would drop the charges. Normally, the type of strategy employed by trial counsel cannot be the basis for Rule 37 relief. *Neal* v. *State*, supra. However, once the time for the trial of appellant had passed, all the trial attorney had to do to obtain appellant's release was to file a motion to dismiss, subject to the State proving an excluded period. This was not done. In this case, on the record before us, we can find no reasonable basis for the trial attorney's failure to file a motion to dismiss. The failure to file such a motion at the proper time does not automatically amount to ineffective assistance of counsel, but must be examined in light of all the attending circumstances.

This record reveals no delays resulting from other proceedings concerning the defendant, Rule 28.3 (a). No continuance was granted at the request of the defendant, Rule 28.3 (c). No delay was as a result of the absence of the defendant, Rule 28.3 (e). The only request for a continuance was by the Prosecuting Attorney, Rule 28.3 (d), and this was made after the timely trial rule had been violated. The State offered no evidence of an excludable period.

Appellant's testimony is uncontradicted that on several occasions he asked his attorney when his case would be tried and he was told "just to leave it alone" and that the attorney would "take care of it." He testified, without contradiction and without cross-examination, that he had no intention of waiving any law.

The appellant's trial attorney and the trial judge alluded to "it being generally known that the docket was overloaded." The trial judge stated that he would obtain the court statistics to show docket congestion. A review of the transcript does not reflect this was done.

The record discloses that all of the excludable periods

under Rule 28.3 were ruled out with the possible exception of Rule 28.3 (b) which deals with docket congestion attributable to exceptional circumstances. However, that rule requires:

> When such delay results, the court shall state the circumstances in its order continuing the case.

The language in the rule is clear. In *Harkness v. Harrison, Judge,* 266 Ark. 59, 585 S.W. 2d 10 (1979), we stated: "Rule 28.3 (b) obviously contemplates that a trial judge will regularly call the docket, and if a case is to be continued beyond the time permitted by law, then the reasons will be stated." That was not done in this case.

It is obvious that if the motion to dismiss had been filed the trial judge would have had no choice but to grant it. There was no reasonable legal basis for the failure to object to the violation of appellant's right to a timely trial. Appellant has met his burden in proving that he was denied effective assistance of counsel and that he suffered prejudice as a result.

Reversed and dismissed.

HOLT, J., not participating.