Roy Edward HALL *v.* STATE of Arkansas

CR 83-54                                    650 S.W.2d 587

Supreme Court of Arkansas
Opinion delivered May 23, 1983

*William H. Craig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant's motion to vacate sentence under A.R.Cr.P., Rule 37, alleging a denial of his right to a speedy trial and ineffective assistance of counsel was denied without a hearing by the court. On appeal the

appellant argues the court erred in failing to vacate the sentence or in the alternative that appellant is entitled to an evidentiary hearing. We agree that he was entitled to a hearing based upon the allegations of his motion.

The facts of the case establish that the Oak Forest Drug Store was robbed by an individual armed with a sawed off shotgun on December 16, 1980. About a week later, apparently on December 23, 1980, the appellant was picked up when a sawed off shotgun was found in his possession. Witnesses identified the appellant from a lineup and his fingerprints were identified on a piece of tape found at the scene. Apparently some type of arraignment or hearing was held on December 24, 1980 and the result was that appellant's parole was revoked. He was returned to the Arkansas Department of Corrections where he has been incarcerated since that date. On January 28, 1981, an information was filed charging appellant with the aggravated robbery of Oak Forest Drug Store. A bench warrant was delivered to the Pulaski County Sheriff's office. The warrant was dated by the Circuit Clerk on February 2, 1981 but was stamped received by the sheriff's office on January 3, 1981. In any event the warrant was not served upon the appellant until December 23, 1981, according to the return by the Pulaski County Sheriff's office.

Appellant was arraigned on January 21, 1982. At that time the information had been filed one year, lacking one week. On March 24, 1982, he withdrew his not guilty plea and entered a plea of guilty. The public defender's office represented appellant at the time of the entry of the guilty plea. Shortly after being returned to Cummins he filed the present motion which was denied without a hearing.

The allegations contained in the appellant's verified petition state he was confined in the facilities of the Arkansas Department of Correction from December 24, 1980 until he pled guilty on March 24, 1982. The information was clearly filed on January 28, 1981. If these allegations are true the appellant is entitled to be free unless there are excludable periods of time as provided by Rule 28.3. It is not entirely clear that the sheriff's office held the warrant for 11 months

before serving it. In any event the time commences to run, without notice to the defendant, from the date of the filing of the information, unless the defendant is already in custody on the same offense or an offense based upon the same conduct, in which case time is computed from the date of the arrest.

Rule 28.1 (b) provides that if a defendant is incarcerated in prison in this state he shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding authorized delays as allowed in Rule 28.3.

We agree that entry of a guilty plea waives the requirements of the speedy trial rule. A.R.Cr.P., Rule 30.2, *Clark* v. *State,* 274 Ark. 81, 621 S.W.2d 857 (1981). However, appellant alleged ineffective assistance of counsel. We have set forth the presumptions and proof required to determine whether counsel was ineffective in the case of *Blackmon* v. *State,* 274 Ark. 202, 632 S.W.2d 184 (1981). Our rules for a speedy trial are an effort to comply with the requirements of our state and federal constitutions and they are not to be considered as loopholes or havens for criminals. If our criminal justice system is to succeed, it must pull together as a team. Therefore, we remand this case to the trial court for the purpose of a hearing on the allegation of ineffective assistance of defense counsel at the time the guilty plea was entered.

Remanded.