Jack STANLEY *v.* STATE of Arkansas

CR 83-60                                    657 S.W.2d 205

Supreme Court of Arkansas
Opinion delivered September 19, 1983

*John R. Vanwinkle,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Jack Stanley, pled guilty to fourteen crimes of burglary and fourteen crimes of theft. After sentence and commitment to the Department of Correction, appellant filed a motion to withdraw his guilty plea under A.R.Cr.P. Rule 26.1. Appellant alleged that his plea was made involuntarily because the prosecuting attorney threatened to put his wife, a co-defendant, on trial first and appellant feared that she might receive a substantial sentence. On appeal this motion is being considered pursuant to A.R.Cr.P. Rule 37 since it was filed after sentencing. *Rawls* v. *State,* 264 Ark. 954, 957, 581 S.W.2d 311, 312 (1979); *Shipman* v. *State,* 261 Ark. 559, 563, 550 S.W.2d 424, 426 (1977). The circuit court, basing its decision on the record at the time of the plea, denied appellant's motion without a hearing. Appellant contends the circuit court erred in denying the motion without a hearing. On appeal we affirm.

The record made at the time of the plea of guilty clearly sustains the trial court's finding that the plea was voluntary. Under these circumstances no evidentiary hearing was required. *Simmons* v. *State,* 265 Ark. 48, 578 S.W.2d 12 (1979); *Walker* v. *State,* 251 Ark. 182, 471 S.W.2d 536 (1971). The record reflects that appellant was represented by counsel at the plea taking hearing. Appellant signed plea statements in which he acknowledged that he knew what he was doing; he stated that he was voluntarily pleading guilty of his own free will and that no one had coerced him to do so on account of promises or threats. Defense counsel attested that he had gone over the plea statement with appellant and that the guilty plea was consistent with the facts as related to him and with his own investigation. The circuit judge questioned appellant asking if he understood his plea statement, his rights to a jury trial, to cross-examine

witnesses called against him, to call his own witnesses, and his right to an appeal.

The petitioner acknowledged that he understood these rights and stated that there had been no force, threats, promises, or coercion used to get him to enter his plea. He then acknowledged in open court that he had no complaints about his attorney or the prosecuting attorney's office. In spite of ample opportunity to do so, appellant never mentioned coercion or threat. We have previously held that where the record shows defendant's attorney explained the charges to him and the court advised the defendant as to his plea to which he replied he wanted to plead guilty, the defendant knowingly, intelligently, and voluntarily entered a plea of guilty. *Scott* v. *State,* 267 Ark. 628, 593 S.W.2d 27 (1980).

We find, as did the circuit court, that the record shows conclusively that appellant's allegation of an involuntary guilty plea is without merit. Hence, no evidentiary hearing was required under Rule 37.3.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. It is my opinion that the trial court should have given petitioner a hearing on his allegations. No doubt the record does not reflect anything except full compliance with the rules of procedure and statutory requirements. Even if someone were to be holding a gun against petitioner's head while he made his plea the record would not reflect such an event. Everyone who ever pled a client guilty knows the record can be inaccurate to the extent it never reveals a defendant wanted to do anything but plead guilty even if he had serious reservations. If this man received promises that his wife might be turned loose if he cooperated or was threatened that she would be given a stiff sentence if he did not plead guilty then he should be allowed to prove it. I would send it back for a hearing to determine the validity of his allegations, much as we did in *Hall* v. *State,* 279 Ark. 265, 650 S.W.2d 587 (1983).