Roy Edward HALL *v.* STATE of Arkansas

CR 83-54                                      663 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered January 30, 1984
[Rehearing denied March 5, 1984.]

*William H. Craig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Randel Miller,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. On December 16, 1980, a man wielding a sawed-off shotgun robbed the Oak Forest Drugstore in Little Rock. One week later appellant was returned to the Cummins penitentiary unit for violating the parole provisions of an earlier and unrelated sentence. Then, on January 28, 1981, he was charged with the armed robbery of the drugstore. Although he remained at the Cummins prison unit, he was not arrested on the armed robbery charge until the day he was to be released, December 23, 1981. On that date he was placed in the Pulaski County Jail. On March 23, 1982, almost fourteen months after the charge was filed and still without having been tried or released on bond, the appellant pleaded guilty to the drugstore robbery. After again being returned to the penitentiary he filed a petition for post-conviction relief asking that his sentence be vacated because of ineffective assistance of counsel (not present counsel). The trial court refused to grant an evidentiary hearing. *Hall* v. *State,* 279 Ark. 265, 650 S.W.2d 587 (1983). On remand the trial court denied relief but gave no reason. Again, we reverse but, this time, dismiss. Jurisdiciton is in this Court within the purview of Rule 29 (1)(c) and (j).

The time for a timely trial commenced running on January 28, 1981, the day the charge was filed. Rule 28.2, Arkansas Rules of Criminal Procedure, Art. VIII, Speedy Trial, Vol. 4A (Repl. 1977 and Supp. 1983). On that day appellant was incarcerated in prison in this state pursuant to

conviction on a prior offense. A.R.Cr.P. Rule 28.1 (b) provides:

> Any defendant charged with an offense in circuit court and incarcerated in prison in this state pursuant to conviction of another offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

No period of authorized delay was proven. After more than twelve months had lapsed from the date of the charge, or after January 29, 1982, the charge against appellant would have been discharged, and prosecution absolutely barred, if counsel had moved for dismissal. A.R.Cr.P. Rule 28.1 (b) and 30.1 (a); *Floyd* v. *State*, 280 Ark. 226, 656 S.W.2d 701 (1983). Appellant waived his right to a speedy trial when he later pleaded guilty. A.R.Cr.P. Rule 30.2.

However, a waiver of the right to a speedy trial does not operate, as a matter of law, as a waiver of the right to effective assistance of counsel. The constitutional right to effective assistance of counsel at the time of entering a plea of guilt is not vitiated by A.R.Cr.P. Rule 30.2. In *Clark* v. *State*, 274 Ark. 81, 621 S.W.2d 857 (1981) we stated:

> If, in the original trial, the defendant knowingly and intelligently waived his speedy trial rights he cannot raise that argument in a post-conviction proceeding. Questions which might have been raised at the original trial are not permissible issues at a Rule 37 proceeding . . . However, if the defendant did not knowingly and understandingly waive his speedy trial rights he is entitled to seek post-conviction relief on the basis of ineffective assistance of counsel.

In the case before us the relevant circumstances are that appellant was entitled to have the prosecution barred; counsel at the time of the plea offered no testimony of trial strategy or other reason for the failure to assert the right to a

speedy trial; and the appellant did not knowingly and intelligently waive his right to a speedy trial. The evidence is clear and convincing that appellant did not receive effective assistance of counsel and, as a result, suffered prejudice. The ruling of the trial court is clearly erroneous. *See, Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981).

Reversed and dismissed.

ADKISSON, C.J., and HICKMAN and HAYS, JJ., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. When appellant entered a plea of guilty, he waived the requirements of the speedy trial rule. A.R.Cr.P. Rule 30.2. He is not entitled to return now under a claim of ineffective assistance of counsel and vitiate his guilty plea unless he was denied a fair adjudication of guilt by pleading guilty. A defendant who waives his remedies and admits his guilt assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. *Mitchell* v. *State,* 271 Ark. 512, 609 S.W.2d 333 (1980), citing *McMann* v. *Richardson,* 397 U.S. 759 (1970). At most, petitioner's counsel made a procedural error, one of many such errors which are waived by pleading guilty. A guilty plea breaks the chain of events in a criminal process. A petitioner may not come back after pleading guilty and vacate his plea because counsel in retrospect may not have correctly appraised the significance of some fact. *Tollett* v. *Henderson,* 411 U.S. 258 (1973). Just as an attorney's failure to challenge an illegal arrest is not ineffective assistance of counsel because the legality of an arrest does not affect the validity of the judgment, *Singleton* v. *State,* 256 Ark. 756, 510 S.W.2d 283 (1974), an attorney's failure to raise a speedy trial claim is not ineffective assistance of counsel because the procedural rules setting the time for trial do not impinge on the integrity of the guilty plea. Petitioner Hall has not said that he was not guilty or in any way shown that he was denied a fair determination of his guilt. The judgment in his case is sound and his petition for postconviction relief should be denied. The failure to file a timely speedy trial motion is not ineffective assistance of counsel and our opinion in *Clark* v. *State,* 274 Ark. 81, 621 S.W.2d 5 (1981), which holds it is, should be overturned.

A procedural rule must not take precedence over an uncontested adjudication of guilt. I am authorized to state that Justices Hickman and Hays join in this dissent.