Benny COOPER v. The Honorable Don LANGSTON, Circuit Judge

CR 88-51                                          756 S.W.2d 896

Supreme Court of Arkansas
Opinion delivered September 19, 1988

*James R. Marschewski*, by: *R. Paul Hughes III*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This petition for a writ of prohibition asserts that petitioner has been denied a speedy trial on three felony counts of an information filed in the Sebastian County Circuit Court. We find no denial of petitioner's right to a

speedy trial.

On February 22, 1987, petitioner was arrested and charged in the first information with three felony counts. He was released on bond a little over a week later, on March 3. About a month later, on April 8, he was arrested and charged in a second information containing four separate and additional felony counts. He was released on bond on these second charges about a week later, on April 14. Less than three months later, on July 9, he was arrested for yet another felony. He did not make bond on this last charge. He remained in the Sebastian County jail until October 14, when he was tried and convicted on the four counts contained in the second information. He was then sent to the penitentiary and has since remained there. The trial court set April 20, 1988, as the date for the trial of the three counts contained in the first information. Petitioner moved for dismissal of these counts based upon the speedy trial rules. The trial court denied the motion. Petitioner then filed a petition for a writ of prohibition in this Court. On April 19, 1988, we granted a temporary stay and mandated briefing under Rule 16 of the Rules of the Supreme Court and Court of Appeals. We now dissolve the temporary stay and deny the petition for the writ.

Petitioner contends that the time which elapsed from his arrest on February 22, 1987, to his scheduled trial on April 20, 1988, a period of about 14 months, entitles him to a dismissal of the three counts contained in the first information. He bases his contention on A.R.Cr.P. Rule 28.1(b) which provides:

> Any defendant charged with an offense in circuit court and incarcerated in prison in this state pursuant to conviction of another offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Rule 28.1(b) is applicable only while a defendant is charged with one crime and is incarcerated in prison pursuant to conviction of another crime. It does not apply while a defendant is at liberty on bond. Here, the petitioner was arrested on February 22, 1987, and in a little over a week was set at liberty. He was not

"incarcerated in prison in this state pursuant to conviction of another offense" until October 14, 1987. At that time Rule 28.1(b) came into play. The trial was set for April 20, 1988, which was well within the twelve month period necessary to try a defendant who stands charged with one crime while he is incarcerated in prison pursuant to conviction of another.

Similarly, in *Mackey* v. *State*, 297 Ark. 307, 651 S.W.2d 82 (1983), and *Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984), we held that under Rule 28.1(b) only the period of time a defendant is under arrest for one crime and incarcerated in prison on another crime is counted.

The case of *Floyd* v. *State*, 280 Ark. 226, 656 S.W.2d 701 (1983), is readily distinguishable from the case at bar. There, Floyd was arrested on August 25, 1981, and was held in jail until January 21, 1982, when he was incarcerated in prison on another charge and held there until his trial on November 16, 1982, a period of 14 months and 26 days from the date of his arrest. Because he was continually held in jail or prison, and forced to defend the original charge while always incarcerated, we rightfully tacked the jail time onto that served in prison pursuant to another conviction. We do not have such a situation in the case at bar.

Writ denied.