SLIP OPINION



Cite as 2014 Ark. 172

# SUPREME COURT OF ARKANSAS

No. CR–13–21

| | | |
|---|---|---|
| VERNELL R. CONLEY | | **Opinion Delivered** April 17, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CR2009-2046-1] |
| V. | | |
| | | |
| STATE OF ARKANSAS | | HONORABLE WILLIAM A. STOREY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS. |

## COURTNEY HUDSON GOODSON, Associate Justice

Appellant Vernell R. Conley appeals the order entered by the Washington County Circuit Court denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. For reversal, he contends that the circuit court erred in finding that he did not receive ineffective assistance of counsel when his trial attorney (1) failed to produce testimony that was promised in opening statement; (2) neglected to make proper motions for directed verdict; and (3) failed to request a severance of the charges. We affirm on the first point; reverse and remand on the second issue with directions to dismiss the charges for possession of a controlled substance and possession of drug paraphernalia; and we do not reach the third point.

By amended felony information, the prosecuting attorney in Washington County charged Conley with delivery of a controlled substance (crack cocaine); possession of a

SLIP OPINION

controlled substance (marijuana) with intent to deliver; and possession of drug paraphernalia (digital scales). The information also alleged that Conley was an habitual offender with more than four previous felony convictions. Conley stood trial before a jury in the circuit court on August 26, 2010. The State's evidence disclosed that Conley delivered 0.5813 grams of crack cocaine to undercover police officers, who were associated with the drug task force in Madison and Washington Counties. According to the testimony, the delivery occurred on the evening of September 15, 2009, at a park in Fayetteville. However, the officers did not arrest Conley until November 6, 2009. On that date, the officers also executed a search warrant at Conley's home, where they discovered 32.5 grams of marijuana in a plastic bag and a set of digital scales. Both the marijuana and the scales were located in the laundry room on top of a cabinet above the washer and dryer. One officer testified that marijuana was also found in the master bedroom of the home, but there was no further testimony indicating where the marijuana was located in that room. Neither Conley nor any of his family members were at home when the officers arrived to execute the warrant, although the police later transported Conley to the home during the search. An officer also testified that additional surveillance was conducted of the home following Conley's arrest and that no further drug activity was observed.

The jury found Conley guilty of delivery of crack cocaine and possession of the digital scales, as drug paraphernalia. The jury acquitted Conley of possession of marijuana with intent to deliver and instead found him guilty of the lesser-included offense of possession of marijuana. At the sentencing phase of trial, the State introduced evidence that Conley had

SLIP OPINION

previously been convicted of twelve felonies. As an habitual offender, he received sentences of sixty years for delivery, six years for possession of a controlled substance, and thirty years for possession of drug paraphernalia. The circuit court directed the possession offenses to run concurrently and that those convictions be served consecutively to the delivery conviction. Conley appealed the convictions and sentences to the Arkansas Court of Appeals, which affirmed. *Conley v. State*, 2011 Ark. App. 597, 385 S.W.3d 875. Notably, the court of appeals refused to reach the merits of Conley's sufficiency-of-the-evidence arguments after determining that his directed-verdict motions were not specific enough to preserve the issues raised on appeal.

Thereafter, Conley filed a timely petition for postconviction relief pursuant to Rule 37.1. The circuit court subsequently granted him leave to file an amended petition. In the amended petition, Conley asserted that he was denied effective assistance of counsel because his attorney failed to present a witness after counsel had informed the jury in opening statement that he would produce a witness to testify that the marijuana and the paraphernalia found in Conley's home did not belong to Conley; because his attorney did not make adequate motions for directed verdict; and because his attorney failed to move for a severance of the possession offenses from the charge of delivery of a controlled substance.[1] After a hearing, the circuit court denied the petition. In its order dated September 18, 2012, the

---

[1]Although Conley raised additional allegations of ineffective assistance of counsel in his petition and amended petition, he has not pursued them on appeal. Therefore, those issues are deemed abandoned. *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727.

court found that trial counsel's decision not to call the proposed witness was a matter of trial strategy that was in compliance with the provisions of the Arkansas Rules of Professional Conduct. The circuit court also ruled that Conley suffered no prejudice from trial counsel's failure to seek a severance of the offenses or to make sufficient motions for directed verdict. Conley filed a timely notice of appeal from the circuit court's order.

At the outset, we note that this court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830.

Our standard of review also requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. In asserting ineffective assistance of counsel under *Strickland*, the petitioner first must demonstrate that counsel's performance was deficient. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Scott v.*

SLIP OPINION

*State*, 2012 Ark. 199, 406 S.W.3d 1. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Myers v. State*, 2012 Ark. 143, 400 S.W.3d 231. This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *White v. State*, 2013 Ark. 171, ___ S.W.3d ___. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Golden v. State*, 2013 Ark. 144, ___ S.W.3d ___.

Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___. We also recognize that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Anderson v. State*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 787 (quoting *Strickland*, 466 U.S. at 697).

As his first point on appeal, Conley argues that he was denied effective assistance of counsel when his attorney failed to produce a witness after telling the jury in opening statement "that you're also gonna listen to a witness of ours come up and testify as to why the

marijuana was not Mr. Conley's and the drug paraphernalia, okay." He asserts that counsel's failure to fulfill this promise constitutes deficient performance that diminished counsel's credibility in the eyes of the jury and thus damaged his defense on all charges.

At the postconviction hearing, trial counsel identified the omitted witness as Conley's wife, Monica. Counsel explained that he did not call her as a witness because the prosecutor advised that, if she were to testify that the contraband was hers, he would charge her with the felony offenses of possession with intent to deliver and possession of drug paraphernalia. Counsel also stated that Conley had admitted early on that he was guilty and that counsel could not tender Monica as a witness to give perjured testimony. In his testimony at the hearing, Conley confirmed that he and his counsel discussed the strategy of having Monica testify to take responsibility for the marijuana and the scales and that counsel advised against it because she would be charged if she so testified.

The failure to produce evidence promised in opening statement can be an unreasonable and prejudicial decision that denies a defendant effective assistance of counsel. *Dunlap v. People*, 173 P.3d 1054 (Colo. 2007); *see also Ouber v. Guarino*, 293 F.3d 19 (1st Cir. 2002); *Harris v. Reed*, 894 F.2d 871 (7th Cir. 1990); *Anderson v. Butler*, 858 F.2d 16 (1st Cir. 1988); *State v. Moorman*, 358 S.E.2d 502 (N.C. 1987). The rationale for considering a failure to produce promised evidence as deficient performance is that when counsel primes the jury to hear a different version of events from what he ultimately presents, one may infer that reasonable jurors would think the witness to which counsel referred in his opening statement was unwilling or unable to deliver the testimony he promised. *McAleese v. Mazurkiewicz*, 1

6

F.3d 159 (3rd Cir. 1993). In other words, a jury is likely to conclude that counsel could not live up to the claims made in opening statement. *Harris*, *supra*. Courts also recognize that the failure to produce promised evidence undermines the credibility of the defense. *Moorman*, *supra*; *State v. Zimmerman*, 823 S.W.2d 220 (Tenn. Crim. App. 1991).

For instance, in *Anderson*, *supra*, the defendant stabbed his estranged wife numerous times after finding her with another man. He admitted that he had killed his wife but argued as his defense that he was guilty of lesser-included offenses to the charge of first-degree murder. In opening statement, counsel promised to call two expert witnesses who would testify regarding the defendant's mental state that the defendant was "walking unconsciously toward a psychological no exit . . . like a robot programmed on destruction." *Anderson*, 858 F.2d at 17. Although the statement was based on the reports of the experts who were available to testify, the defense rested the following day without calling the experts. In concluding that counsel's promise had irreparably damaged the defense case, the First Circuit reasoned that "[t]he first thing that the ultimately disappointed jurors would believe, in the absence of some other explanation, would be that the doctors were unwilling, viz., unable, to live up to their billing. This they would not forget." *Id*. The court likened the failure to call the experts to a "speaking silence" that weakened the "vitals of the defendant's defense." *Id*. at 18.

On the other hand, the course of a trial can affect and alter an original defense strategy and may lead to reasonable decisions not to call witnesses who were mentioned in opening statement. *Williams v. Bowersox*, 340 F.3d 667 (8th Cir. 2003). The determination of

SLIP OPINION

whether counsel was ineffective depends on such factors as the nature and extent of the promises made in opening statement, any strategic justifications for the subsequent decision not to produce the evidence, the explanation provided to the jury for the failure to produce the evidence, the presentation of other evidence supporting the promised theory, and generally, the impact upon the defense at trial and upon the jury. *Edwards v. United States*, 767 A.2d 241 (D.C. 2001). Determining whether the failure to call a promised witness is ineffective assistance of counsel depends on the facts and circumstances of each case. *United States v. McGill*, 11 F.3d 223 (1st Cir. 1993).

This court has addressed the issue on one occasion. In *Chenowith v. State*, 341 Ark. 722, 19 S.W.3d 612 (2000) (per curiam), there was no record of opening statements made, but at a hearing on postconviction relief, Chenowith testified that his trial attorney had told the jury in opening statement that he would call three witnesses to establish an alibi defense to charges of kidnapping and rape. Chenowith's trial counsel could not recall what he had said in his opening statement, and he testified that the defense strategy that he had pursued was one of consent. Counsel said that he did not offer an alibi defense because he thought it would be inconsistent with the defense that the encounters had been consensual. We found that there was no ineffective assistance of counsel on the ground that counsel's failure to pursue the alibi defense was a reasonable defense strategy.

In the present case, we cannot conclude that Conley suffered any prejudice from trial counsel's remark in opening statement. Conley's defense to the charges of possession of marijuana with intent to deliver and possession of drug paraphernalia was that he was not in

8

possession of those items. Through cross-examination of the State's witnesses, trial counsel emphasized that Conley was not the only occupant of the residence and that Conley was not at home when the officers arrived to conduct the search. When considered in context, trial counsel's statement was an isolated remark, counsel did not identify the witness, nor did counsel disclose in any detail the substance of the proposed testimony. We also note that the jury found Conley guilty of the lesser-included offense of possession of marijuana, which indicates that counsel's statement had little, if any, impact on the jury. On this record, we are not convinced that the failure to produce the witness undermines confidence in the outcome of the trial. Therefore, we affirm on this point.

Conley next asserts that his trial counsel provided ineffective assistance based on counsel's failure to make motions for directed verdict sufficient to challenge the sufficiency of the evidence on the charges of possession of a controlled substance with intent to deliver and possession of drug paraphernalia. Noting the court of appeals' holding that the directed-verdict motions made by counsel were insufficient, he contends that counsel's deficient performance resulted in prejudice because the State failed to produce substantial evidence that he possessed the marijuana or the digital scales. Conley asserts that this is a case of constructive possession involving the joint occupancy of a home and that the State failed to present any evidence linking him to the contraband.

Where it is asserted that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective

assistance of counsel. *Mitchell v. State*, 2012 Ark. 242. In the instant case, therefore, Conley must demonstrate that the appellate court would have found that the evidence adduced at trial was insufficient to support a conviction and would have overturned his convictions for that reason. *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294. Because the circuit court determined that no prejudice resulted from the failure to make the directed-verdict motions, the appeal of that decision requires us to review whether there was sufficient evidence to support the verdicts.

This court treats a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Green v. State*, 2013 Ark. 497, ___ S.W.3d ___. In addressing this issue, we consider all of the evidence, including that which may have been inadmissible, in the light most favorable to the State. *Fondren v. State*, 364 Ark. 498, 221 S.W.3d 333 (2006). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Wells v. State*, 2013 Ark. 389, ___ S.W.3d ___. Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Stevenson v. State*, 2013 Ark. 100, ___ S.W.3d ___.

In drug cases, it is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Tubbs v. State*, 370 Ark. 47, 257 S.W.3d 47 (2007). Constructive possession can be implied when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785. However, joint occupancy of the premises alone will

not be sufficient to establish possession or joint possession unless there are additional factors from which the jury can infer possession. *Osborne v. State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Those additional factors include (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785.

In this case, there was testimony that neither Conley nor any of his family members were at home when the officers arrived to conduct the search. Therefore, it is reasonable to conclude that Conley was not the sole occupant of the home. *See Osborne v. State*, 278 Ark. 45, 643 S.W.2d 251 (1982) (stating that it was reasonable to assume that the defendant shared the home with his wife, although there was no direct testimony that the wife lived there). The record in this case also shows that the digital scales, which are flat, and the bag of marijuana were on top of a cabinet in the laundry room. The top of the cabinet was recessed. To further obscure the contraband from sight, the marijuana and the scales were situated behind a decorative object consisting of an axiom made of wooden letters. The evidence thus discloses that the contraband was hidden from view. Based on this evidence, unless there are other factors linking Conley to the possession of the scales and the marijuana, the evidence is not sufficient to support Conley's convictions for possessing those items. The State maintains that Conley is connected to the contraband because marijuana was also found in the

11

master bedroom. However, the testimony did not disclose where the marijuana had been found in that room. Other than the fact that marijuana was found there, there is no evidence linking Conley to the possession of that marijuana. Thus, the discovery of marijuana in the bedroom does not establish Conley's possession of the contraband in the laundry room. The State also relies on the testimony that, once Conley had been arrested, no further drug activity was observed at the home. However, we do not regard this evidence as establishing a connection between Conley and the possession of the marijuana and the scales that were hidden in the laundry room. Consequently, we conclude that the evidence is not sufficient to support Conley's convictions for possession of a controlled substance and possession of drug paraphernalia. In turn, we hold that trial counsel's performance was deficient and prejudicial, because had trial counsel made a proper motion for directed verdict, the sufficiency-of-the-evidence argument raised on appeal would have been successful. Accordingly, we reverse and remand with directions to dismiss the charges of possession of a controlled substance and possession of drug paraphernalia. *See State v. Thompson*, 343 Ark. 135, 34 S.W.3d 33 (2000) (recognizing that the Double Jeopardy Clause prohibits retrial after a conviction has been reversed because of insufficiency of the evidence). *See also*, *e.g.*, *Walker v. State*, 288 Ark. 52, 701 S.W.2d 372 (1986) (reversing denial of collateral relief and dismissing the charges when counsel deemed ineffective for failing to advance a meritorious motion to dismiss based on the lack of a speedy trial; *Hall v. State*, 281 Ark. 282, 663 S.W.2d 926 (1984) (same); *Clark v. State*, 274 Ark. 81, 621 S.W.2d 857 (1981) (same).

Conley's final argument is that trial counsel was deficient for not moving to sever the

possession offenses from the delivery charge. This issue is solely directed to the possession offenses. Because we have already found counsel's performance deficient with regard to those convictions, and because those charges are to be dismissed, we need not address this claim of ineffective assistance of counsel.[2] *See Rackley v. State*, 2014 Ark. 39; *Wicoff v. State*, 321 Ark. 97, 900 S.W.2d 187 (1995); *Sheridan v. State*, 331 Ark. 1, 959 S.W.2d 29 (1988).

Affirmed in part; reversed and remanded in part with directions to dismiss the charges of possession of a controlled substance and possession of drug paraphernalia.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** The majority properly reverses and remands with directions to dismiss the charges of possession of a controlled substance and possession of drug paraphernalia. Because the majority dismisses these charges, it did not need to also address as to these charges the merits of Vernell R. Conley's argument that his counsel was ineffective for not presenting a witness when, during opening argument, trial counsel stated that "you're also gonna listen to a witness of ours come up and testify as to why the marijuana was not Mr. Conley's and the drug paraphernalia."

If it were necessary to address the issue as it relates to the possession charges, I would conclude that trial counsel was ineffective. Trial counsel's failure to produce evidence that counsel promised to produce during opening argument to the jury is a damaging failure

---

[2]Conversely, it was necessary for this court to address the first issue on appeal because Conley asserted under that point that trial counsel's broken promise so damaged trial counsel's credibility that he was entitled to a new trial on the delivery charge, as well as the possession offenses. Even though we rejected Conley's argument that he was prejudiced by the broken promise, the issue is one that we are required to consider.

sufficient to support a claim of ineffectiveness of counsel. *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993) (citing *Harris v. Reed*, 894 F.2d 871, 879 (7th Cir. 1990), where trial counsel failed to call witnesses who he claimed in opening argument would support the defense's version of a shooting, and *Anderson v. Butler*, 858 F.2d 16, 17–19 (1st Cir. 1988), where trial counsel failed to present promised expert-medical testimony that defendant had acted without cognizance of, or feeling for, his actions in a stabbing). When trial counsel promises the jury that it will hear a different version of the events from what counsel ultimately presents, one may infer that reasonable jurors would think that the witness to which counsel referred in opening argument was unwilling or unable to deliver the promised testimony. *McAleese*, 1 F.3d at 166–67.

Trial counsel's remark referred to the possession charges. Trial counsel testified that he did not present the testimony of Conley's wife because it would have been perjured testimony, as Conley had admitted his guilt to him early in his representation of Conley. Conley testified that counsel had advised against his wife taking the stand because she would have been charged. Trial counsel confirmed that he had been so advised by the prosecutor.

Trial counsel had determined prior to trial that he would not offer the testimony. Thus, he should not have promised it to the jury, as the jury was left to conclude that, in this constructive-possession case, no witness could explain why the contraband was not possessed by Conley and was instead possessed by someone else. The prejudice is apparent and cannot be ignored; the jury convicted Conley of the possession charges despite this court's holding today that the evidence was insufficient to support the possession convictions. Because we

have instructed the circuit court to dismiss these convictions, however, there is no need to address the merits of this issue.

Furthermore, after dismissing the possession charges, we need not address the merits of this argument as it relates to the delivery charge. Conley concludes, as an afterthought and without explanation, that the "magnitude of the error . . . also likely spilled over as evidence on the delivery count," and that the "credibility damage impacted the verdict on the delivery charge as well." The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *See, e.g.*, *Abernathy v. State*, 2012 Ark. 59, at 5, 386 S.W.3d 477, 482 (per curiam). Thus, Conley's conclusory allegations do not merit relief.

Nevertheless, after dismissing the possession charges, if we were still required to address the merits of this argument as to the delivery charge, Conley could not demonstrate prejudice. The testimony on the delivery charge was distinct from the testimony on the possession charges, and trial counsel's remark did not speak to the evidence presented on the delivery charge but rather referred only to the efforts to rebut the possession charges.

*James Law Firm*, by: *Lee D. Short*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.