

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-833

| | | |
|---|---|---|
| JULIA BLACKWELL | | **Opinion Delivered:** April 26, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. 60CR-10-2047] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Julia Blackwell appeals the order of the Pulaski County Circuit Court denying her petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016). We affirm the circuit court's decision.

On March 28, 2010, a car driven by Blackwell hit Ralph John Friedmann, who was walking on a sidewalk along Breckenridge Drive in Little Rock. Friedmann died from his injuries on June 8, 2010. On June 24, 2010, the State charged Blackwell with felony negligent homicide and third-degree battery for the death of Friedmann. On September 4, 2013, the State amended the charges to include a charge for manslaughter.

Thereafter, a jury convicted Blackwell of felony negligent homicide, manslaughter, and third-degree battery. The jury sentenced Blackwell to ten years' imprisonment for felony negligent homicide and fined her $500 for third-degree battery. The jury did not

sentence Blackwell on the manslaughter charge at the request of the State. On February 18, 2015, this court affirmed Blackwell's conviction. *Blackwell v. State*, 2015 Ark. App. 96, 455 S.W.3d 848.

On June 5, 2015, Blackwell filed a petition in the Pulaski County Circuit Court for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. She alleged that her trial counsel was ineffective for failing to (1) move to dismiss either the felony negligent-homicide charge or the manslaughter charge; (2) object to the use of nonpattern jury instructions; (3) cross-examine former police officer Natasha Sims about her termination from the Little Rock Police Department; (4) protect her right to trial by an impartial jury; (5) object to the prosecutor's improper acquisition of her sealed medical records; and (6) object or move for a mistrial after the prosecutor made personal attacks on her trial counsel during closing arguments.

On February 19, 2016, the court held an evidentiary hearing and took the matter under advisement. Thereafter, on May 27, 2016, the court entered an order denying Blackwell's petition. On June 23, 2016, Blackwell appealed the decision. We assumed jurisdiction of this appeal pursuant to footnote 1 in *Barnes v. State*, 2017 Ark. 76, ___ S.W.3d ___ (per curiam).

We do not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Reed v. State*, 2011 Ark. 115 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

The benchmark question to be resolved in judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam). We assess the effectiveness of counsel under a two-prong standard as set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id.* A claimant must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *See Pennington v. State*, 2013 Ark. 39 (per curiam).

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254, (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel that when viewed from counsel's perspective at the time of the trial could not have been the result of reasonable professional judgment. *Id.*

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent

counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.

On appeal, Blackwell first argues that her trial counsel was ineffective for failing to obtain a ruling from the circuit court on the use of nonpattern jury instructions at trial. She recognizes that her trial attorney made "extensive" arguments at trial concerning the instructions but asserts that she failed to obtain a ruling to preserve the issue for appeal. She claims that the verdict forms in the instructions were flawed because they did not have a place for the jury to indicate "not guilty" for felony negligent homicide and manslaughter. She asserts that the instructions amounted to a fundamental structural error in the trial mechanism. The verdict forms submitted to the jury stated as follows:

### COUNT 1

We, the jury, find Julia Blackwell guilty of Negligent Homicide (intoxication).
_____
FOREPERSON

We, the jury, find Julia Blackwell guilty of Negligent Homicide (negligence).
_____
FOREPERSON

We, the jury, find Julia Blackwell not guilty of Negligent Homicide (negligence).
_____
FOREPERSON

. . . .

### COUNT 2

We, the jury, find Julia Blackwell guilty of Manslaughter (recklessness).
_____
FOREPERSON

We, the jury, find Julia Blackwell guilty of Negligent Homicide (negligence).
_____
FOREPERSON

We, the jury, find Julia Blackwell not guilty of Negligent Homicide (negligence).

_____
FOREPERSON

We hold that the circuit court did not clearly err in finding that Blackwell was not entitled to postconviction relief under this claim. Blackwell incorrectly states that the circuit court made no ruling on her trial counsel's objection to the instructions. The trial record shows that the circuit court found that Blackwell's trial counsel had made a "good argument" concerning the instructions, but the court submitted the nonpattern instructions to the jury. Further, the court asked Blackwell's trial counsel whether she wanted to proffer her instructions, and she did. Thus, the trial court did make a ruling on the issue.

Further, as to Blackwell's argument that her counsel should have appealed the issue, she has failed to establish a meritorious issue that she could have appealed. A petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *Moore v. State*, 2011 Ark. 269 (per curiam). The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *Walton v. State*, 2013 Ark. 254 (per curiam).

In this case, Blackwell claims the instructions amounted to a fundamental structural defect in the trial, like the instructions in *Sullivan v. Louisiana*, 508 U.S. 275 (1993). We disagree. In *Sullivan*, the United States Supreme Court held that an erroneous instruction that misstated the State's burden of proof was a structural defect in the trial mechanism. *Id*. The Court reasoned that, where the jury convicts a defendant according to an erroneous

instruction about the State's burden of proof, there has been no actual finding of guilty as required by the Sixth Amendment. *Id*. Here, Blackwell has not shown that the instructions misstated the law such that there had been no actual finding of guilt. The verdict forms instruct the jury to first consider the higher charge, then the lesser charge, and then provide the jury with the option to find Blackwell not guilty. Accordingly, we hold that the circuit court did not clearly err in finding that Blackwell was not entitled to relief under this ground.

Blackwell next argues that the circuit court erred in finding that her trial counsel was not ineffective for failing to cross-examine former police officer Natasha Sims concerning her termination from the Little Rock Police Department based on allegations of dishonesty. She points out that crucial pieces of evidence at trial were her urine samples, which Sims took. She recognizes that her counsel attempted to question Sims about the allegations at a suppression hearing and that the circuit court instructed her not to question Sims about the allegations because Sims had appealed her termination. However, Blackwell claims that her trial counsel should have raised the issue at trial because, during questioning at trial, the State asked Sims why she had been terminated and Sims stated that she had appealed the termination. The circuit court found that Blackwell was not entitled to relief under this ground because Blackwell's trial counsel made a strategic decision not to cross-examine Sims about her termination.

When a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63. Counsel is allowed great leeway in making strategic and tactical decisions. *Leak v. State*, 2011 Ark. 353 (per

curiam). In this case, counsel testified at the evidentiary hearing that she "wrestled" with the decision whether to impeach Sims about her termination but decided not to cross-examine her because the trial court had already stated that it would exclude that testimony. She further testified that she had researched the status of Sims's appeal and determined that it was ongoing. Given this testimony, we cannot say that the circuit court clearly erred in finding that counsel made a reasonable and professional decision not to question Sims about her termination.

Blackwell next argues that her trial counsel was ineffective for failing to move to dismiss either the felony negligent-homicide charge or the manslaughter charge because the charges violate her right against double jeopardy. When it is alleged that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. Thus, in this case, Blackwell must show that a double-jeopardy argument would have resulted in the dismissal of the charges for felony negligent homicide or manslaughter.

Blackwell has failed to make that showing. She summarily asserts that her counsel should have moved to dismiss the charges because the charges violate double jeopardy, but she cites no authority in support of her argument.[1] "Conclusory statements in a [Rule 37]

---

[1]In her brief, Blackwell references footnote number five in this court's opinion on the direct appeal of her convictions and claims that her convictions violate double jeopardy because this court found that her convictions violate double jeopardy. She is mistaken. This court did not find that her convictions violate double jeopardy. *See Blackwell v. State*, 2015 Ark. App. 96, 455 S.W.3d 848.

petition or in a brief on appeal are insufficient to overcome the presumption that counsel was effective." *Ellis v. State*, 2014 Ark. 24, at 3 (per curiam). We do not research or develop arguments for appellants. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107. Moreover, the State correctly asserts in its brief that Blackwell's convictions do not violate double jeopardy because felony negligent homicide requires the element of intoxication, which is not included in the definition of manslaughter. *See Walker v. State*, 2012 Ark. App. 61, at 5, 389 S.W.3d 10, 13 ("Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). Accordingly, we find no merit here.

Blackwell next argues that her counsel was ineffective for failing to protect her right to trial by an impartial jury. She points out that during the sentencing phase of trial, the State published a photograph to the jury of the victim donating a check to Arkansas Children's Hospital and that a juror was in the picture. She asserts that her trial counsel should have moved for a mistrial as a result of the photo.

The decision to accept or exclude a particular juror may be a matter of trial strategy or technique. *Butler v. State*, 2011 Ark. 435, 384 S.W.3d 526 (per curiam). Further, as we have stated, counsel cannot be considered deficient for failing to make a meritless objection. *Conley*, 2014 Ark. 172, 433 S.W.3d 234. A mistrial is an extreme and drastic remedy to be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *See Ellis v. State*, 2014 Ark. 24 (per curiam); *Green v. State*, 2013 Ark. 497, 430 S.W.3d 729.

In this case, the trial record shows that after the court learned that the juror was in the photo, it called a recess and questioned the juror. The juror stated that she had been employed at Arkansas Children's Hospital for thirteen years, that she had worked with thousands of donors and volunteers, that she did not remember the picture, and that she could remain fair and impartial. At the evidentiary hearing, Blackwell's trial counsel testified that she was satisfied with the juror's response but that Blackwell insisted that she object to the juror's remaining on the panel and that she did object. However, the trial court overruled the objection. Trial counsel further stated that she did not move for a mistrial because the juror had no memory of the picture, which was more than ten years old. Given this evidence, we hold that the circuit court did not clearly err in finding that Blackwell's trial counsel was not ineffective for not moving for a mistrial based on the juror's presence in the photo.

Blackwell next argues that her trial counsel was ineffective for failing to appeal the State's acquisition of her sealed medical and psychological records filed in a separate, civil case. The circuit court found that Blackwell had no relief under this claim because her counsel objected to the use of the records and the records were not used at trial. At the evidentiary hearing, trial counsel testified that when she learned that the State had obtained the records, she filed a motion in limine to exclude the use of the records. Further, she explained that the records were not introduced at trial and that no witnesses testified about the records.

We hold that the circuit court did not clearly err in finding that Blackwell's counsel was not ineffective for failing to appeal the State's acquisition of her medical and

psychological records. Once again, a petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *Moore*, 2011 Ark. 269. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *Walton*, 2013 Ark. 254. Blackwell has cited no authority showing that the State's acquisition of her records would have resulted in a reversible error. Accordingly, there is no basis on which to grant postconviction relief on this claim.

Blackwell lastly argues that her trial counsel was ineffective for failing to move for a mistrial after the prosecutor made personal attacks on her counsel during closing remarks. She points out that the prosecutor made comments questioning her counsel's credibility such as that her "whole idea . . . her whole alternate theory is fantasy." When it is alleged that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Conley*, 2014 Ark. 172, 433 S.W.3d 234. It is well settled that closing remarks that require reversal are rare and require an appeal to the jurors' passions. *Wooten v. State*, 2016 Ark. 376, 502 S.W.3d 503. Further, as we have stated, a mistrial is an extreme and drastic remedy to be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *See Ellis*, 2014 Ark. 24; *Green*, 2013 Ark. 497, 430 S.W.3d 729. Blackwell has not shown the prosecutor's comments warranted a mistrial. Accordingly, we hold that the circuit court did not clearly err in finding that Blackwell was not entitled to relief under this claim.

SLIP OPINION



Affirmed.

HIXSON and MURPHY, JJ., agree.

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.