
SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-12-513

| | |
|---|---|
| NEHEMIAH E. ARMSTRONG<br><div align="right">APPELLANT</div><br>v.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered**　March 20, 2014<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-10-1288]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

In 2010, appellant Nehemiah E. Armstrong was found guilty by a jury of committing two counts of Class Y felony terroristic acts, four counts of Class B felony terroristic acts, and two counts of battery in the first degree. An aggregate sentence of 672 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Armstrong v. State*, 2011 Ark. App. 530.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The trial court denied the petition without a hearing, and appellant brings this appeal. Appellant's sole argument on appeal is that it was error for the trial court to deny the petition without a hearing.

This court has held that it will reverse a decision granting or denying postconviction relief only when that decision is clearly erroneous. *Lemaster v. State*, 2013 Ark. 449 (per curiam); *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694; *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). We

affirm the trial court's order.

In his petition, appellant contended that his attorney was ineffective because counsel did not do the following: make proper arguments; present a defense and call the right witnesses; employ sound trial strategy; present evidence in the form of the affidavits of Corinthian Parker and Donell White that would have established that he was not at the scene of the crimes; did not sufficiently cross-examine the State's primary witness, Dominique Givens, and two detectives. The trial court addressed the allegations in its order, setting out those parts of the record that supported its conclusion that appellant had not stated a ground to grant relief under Rule 37.1.

An allegation of ineffective assistance of counsel is assessed, taking into consideration the totality of the evidence against the petitioner, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Craigg v. State*, 2014 Ark. 71 (per curiam). Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam).

With respect to the second prong of *Strickland*, the claimant must demonstrate that

counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. *Thompson v. State*, 2013 Ark. 179 (per curiam). Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Boatright v. State*, 2014 Ark. 66 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Here, the trial court explained its rulings on the allegations of ineffective assistance of counsel in its order, and we cannot say, based on the *Strickland* standard, that the trial court erred in denying the relief sought without holding a hearing. Arkansas Rule of Criminal Procedure 37.3 (2010) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Lemaster*, 2013 Ark. 449; *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). When it dismisses a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. As stated, in this case, the trial court made the requisite written findings by addressing the claims raised in the Rule 37.1 petition.

Appellant argues in his brief that a hearing would have allowed him to present his evidence in support of the Rule 37.1 petition, and that it was unjust to deny the petition without a full hearing of the evidence. There is, however, no requirement that a hearing be held where the court can refer to the record and settle the claims raised. *Eason*, 2011 Ark. 352. When a trial

SLIP OPINION

court has made the requisite written findings under Rule 37.3 that an appellant was not entitled to relief, and appellant fails to establish that his claim for relief warranted an evidentiary hearing, there is no basis to remand for an evidentiary hearing. *See Garcia v. State*, 2013 Ark. 405 (per curiam). To the extent that appellant is arguing that he should have been allowed to go beyond the petition and bolster his allegations by means of a hearing, the argument is not well taken. The strong presumption in favor of counsel's effectiveness cannot be overcome by a mere possibility that an evidentiary hearing might produce evidence to support an allegation contained in a petition for postconviction relief. *See Whitmore v. State*, 299 Ark. 55, 771 S.W.2d 266 (1989); *see also Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999).

With respect to appellant's claim that his attorney was ineffective for failing to have the affidavits of Corinthian Parker and Donell White introduced at trial to establish that he was not guilty, appellant does not argue on appeal that either Parker or White would have agreed to testify for the defense, and the trial court in its order noted that appellant failed to establish in the Rule 37.1 petition that either man would have testified for the defense. The trial court further found that the affidavits alone would not have been admissible as evidence at trial. When it is asserted that counsel was ineffective for failure to take a particular action at trial, the onus is on the petitioner to show that there was merit to the action. Failure to make an argument that is meritless is not ineffective assistance of counsel. *Mitchell v. State*, 2012 Ark. 242; *see also Woody v. State,* 2009 Ark. 413.

As to the claims of trial error contained in the Rule 37.1 petition, those claims were not cognizable in a Rule 37.1 proceeding. Claims of mere trial error that could have been addressed

at trial, and, if appropriate, on the record on direct appeal are not grounds for relief under Rule 37.1. *Malone v. State*, 294 Ark. 127, 741 S.W.2d 246 (1987) (per curiam). Rule 37.1 is not a means to challenge the admissibility or the sufficiency of evidence. *See Jackson v. State*, 2013 Ark. 19 (per curiam); *see also Watson v. State*, 2012 Ark. 27 (per curiam) (assertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal); *Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam) (allegations of trial error that could have been raised at trial or on appeal may not be raised in Rule 37.1 proceedings).

Affirmed.

*Nehemiah E. Armstrong*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.