

# SUPREME COURT OF ARKANSAS

No. CR–13–757

| | |
|---|---|
| TOMMY BOWDEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 17, 2014<br><br>APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. CR–2012–39]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Tommy Bowden appeals an order of the Johnson County Circuit Court convicting him of murder in the first degree and sentencing him to life imprisonment without parole. His sole argument on appeal is that the circuit court erred by granting the State's motion in limine and excluding the testimony of Dr. Bradley Diner, a psychiatrist. We find no error and affirm.

Because Bowden does not challenge the sufficiency of the evidence against him, a brief recitation of the facts is all that is necessary. *See, e.g.*, *Fritts v. State*, 2013 Ark. 505, ___ S.W.3d ___. The record reflects that on January 30, 2012, detectives responded to an emergency call regarding an unresponsive person. When they arrived at the specified location, they observed broken glass from an exterior door. Upon entering the residence, they found Julie Richardson face down in a puddle of blood, unresponsive, and cold to the

touch. It appeared to one detective at the scene, Detective Wood, that there had been a struggle with an intruder. A broken shovel was also found at the scene, lying around and under Richardson's body. The shovel had been broken in three places. Although Detective Wood observed that an unlocked gun safe, $740 in cash, a wallet, bank documents, and jewelry were all easily accessible, nothing in the residence appeared to be missing.

On February 2, 2012, Detective Wood and Detective Morrow met with Bowden at the Yell County Sheriff's Office. Bowden was advised of his *Miranda* rights and interviewed. He confessed to going to the home of Richardson, his mother, with the intent to kill her. Bowden told the detectives that he took a shovel from one of the sheds on the property and used it to break the glass out of the door to Richardson's residence. He admitted entering the residence by reaching in and opening the door, and then striking Richardson repeatedly in the head with the shovel until it broke. Bowden stated that, once the shovel broke, he then beat her with the broken piece until she was dead.

Bowden was charged by information filed on February 23, 2012, with one count of murder in the first degree, a Class Y felony, in violation of Arkansas Code Annotated § 5-10-102. By amended information filed on June 14, 2012, Bowden was charged as a habitual offender, having been convicted of four or more felonies. Before trial, Bowden gave notice that he intended to assert the affirmative defense of lack of capacity as a result of mental disease or defect pursuant to Arkansas Code Annotated § 5-2-312 and provided the State with a report of a psychiatric forensic evaluation, which had been previously performed by Dr. Bradley Diner.

The State filed a motion in limine on October 3, 2012, seeking to exclude Dr. Diner's report and any evidence of a mental disease or defect during the guilt phase of trial, voir dire, or opening and closing statements. A hearing on the motion was held on October 8, 2012, during which the circuit court granted the State's motion to exclude Dr. Diner's testimony as it related to mental disease or defect. It is from that decision that Bowden now appeals.

It is well settled that challenges to the admissibility of evidence are left to the sound discretion of the circuit court, and the court's ruling on these matters will not be reversed unless there has been an abuse of discretion. *See Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. The abuse-of-discretion standard "is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration." *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004).

First, it is important to note that Bowden does not challenge the circuit court's ruling that Dr. Diner's opinion failed to provide him with an affirmative defense pursuant to Arkansas Code Annotated § 5-2-312.[1] Rather, Bowden's argument below and on appeal is that Dr. Diner's opinion was relevant evidence because the defense intended to request that the jury be permitted to consider the lesser-included offense of manslaughter. The relevant portion of the statute on manslaughter provides:

(a) A person commits manslaughter if:
(1)(A) The person causes the death of another person under circumstances that would

---

[1]Pursuant to section 5-2-312, a defendant can present an affirmative defense of mental disease or defect if it can be shown that he or she lacked capacity as a result of that disease or defect at the time they engaged in the conduct charged.

be murder, except that he or she causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse.
(B) The reasonableness of the excuse is determined from the viewpoint of a person in the actor's situation under the circumstances as the actor believed them to be.

Ark. Code Ann. § 5-10-104(a)(1)(A), (B) (Supp. 2011).

Bowden contends that the evidence of his diagnosis was relevant to the determination of "extreme emotional disturbance." However, as the circuit court correctly held, "extreme emotional disturbance," as referenced in section 5-10-104(a)(1)(A), is not the type of disturbance that is internally caused by mental disease or defect. *See Bankston v. State*, 361 Ark. 123, 205 S.W.3d 138 (2005). In *Bankston*, this court specifically held that

> the type of disturbance that will reduce a homicide from murder to manslaughter is that resulting from an event of provocation, in the form of physical violence, a threat, or a brandished weapon, not that resulting from a mental disease or defect.

*Id.* at 130, 205 S.W.3d at 143. In the instant case, there was no evidence that the victim provoked Bowden in any way, physically or otherwise, to cause the requisite "extreme emotional disturbance."

To the extent that Bowden argues that Dr. Diner's testimony was relevant to prove that Bowden believed his mother was poisoning him and his stepfather, and that such belief was the provocation because, per Dr. Diner, it led to overwhelming anger, rage, and a desire for retribution, his argument is not well taken. As explained in *Bankston*, the language previously used in this statute to describe the "extreme emotional disturbance" was the "heat of passion." 361 Ark. at 129, 205 S.W.3d at 142. This court held in *Collins v. State*, 102 Ark. 180, 143 S.W. 1075 (1912), that the grade of a homicide may be reduced from murder

SLIP OPINION

to manslaughter by reason of a passion caused by a provocation apparently sufficient to "make the passion irresistible." Here, even Dr. Diner opined that Bowden was able to appreciate the wrongfulness and criminality of his behavior and had the ability to conform his behavior to the requirements of the law if he chose to do so. Furthermore, in *Kail v. State*, 341 Ark. 89, 14 S.W.3d 878 (2000), this court explained that a defendant is not entitled to an instruction on manslaughter unless there is a factual basis showing that the defendant killed the victim "in the moment following 'provocation' . . . ." 341 Ark. at 94, 14 S.W.3d at 880. Although Bowden argues on appeal that the provocation was the belief that his mother was poisoning him and his stepfather, and more specifically because of a phone call the afternoon of the murder during which he was informed that his stepfather was hospitalized after suffering a stroke, he did not kill his mother "in the moment following" the alleged provocation—not even in the moments following the phone call. Bowden had to leave where he was in Yell County, drive through Pope County and into Johnson County, where his mother lived. Then, when he arrived at his mother's home, he stopped to get a shovel out of the shed before beating down the back door to her home. Once Bowden forced himself into her home, he then beat her to death.

For all the aforementioned reasons, the circuit court did not abuse its discretion by granting the State's motion in limine and disallowing the opinion of Dr. Diner. In the instant case, Bowden received a sentence of life in prison. Pursuant to Ark. Sup. Ct. R. 4–3(i) (2013), the record has been reviewed for all objections, motions, and requests that were decided adversely to Bowden, and no prejudicial error has been found.

Affirmed.
*John Burnett*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.