SLIP OPINION

Cite as 2014 Ark. 419

# SUPREME COURT OF ARKANSAS

No. CR-13-971

| | |
|---|---|
| | **Opinion Delivered** October 9, 2014 |
| BILLY WAYNE STEWART | |
| APPELLANT | PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT |
| V. | [NO. 26CR-10-620] |
| | |
| STATE OF ARKANSAS | HONORABLE MARSHA R. HEARNSBERGER, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

## PER CURIAM

In 2011, appellant Billy Wayne Stewart was found guilty by a jury of the rape of J.H., in violation of Arkansas Code Annotated section 5-14-103(a)(2)(B) (Repl. 2005), which provides that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is incapable of consent because he or she is mentally defective. At the time of the rape, J.H. was twenty-three years of age but functioned on a first-or second-grade level and was under the guardianship of another person. Appellant, who was a friend of the family, stayed with J.H. and her parents for a short time and engaged in sex with J.H. on at least one occasion, which resulted in pregnancy. A paternity test established that appellant was the father of the child. Appellant was sentenced to 840 months' imprisonment. We affirmed. *Stewart v. State*, 2012 Ark. 349, 423 S.W.3d 69.

Subsequently, appellant timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial

SLIP OPINION

court denied the petition after holding a hearing. Appellant brings this appeal.

In his petition, appellant alleged that he was not afforded effective assistance of counsel at trial. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 173, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Caery v. State*, 2014 Ark. 247 (per curiam); *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Caery*, 2014 Ark. 247; *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the

SLIP OPINION

wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

We first note that appellant in his brief has expanded the allegations raised in the Rule 37.1 petition and discussed at the evidentiary hearing. On appeal, an appellant is limited to the

scope and nature of the arguments he or she made below that were considered by the trial court in rendering its ruling. *Thornton v. State*, 2014 Ark. 113 (per curiam). We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Id.*; *see also Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193 (per curiam); *Hogan v. State*, 2013 Ark. 223 (per curiam). Likewise, issues raised below but not argued on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

Appellant admitted at trial that he had engaged in sexual intercourse with J.H. As stated, J.H. became pregnant, and it was proved by scientific testing that appellant was the child's father. In her testimony, J.H. said on cross-examination by the defense that Amy Stewart, appellant's wife, was in the room when J.H. and appellant were having intercourse. Appellant contended in his Rule 37.1 petition that his attorney should have called Amy Stewart to testify that she was not present. Appellant alleged that, had counsel called Amy, she would have testified that she was not present, thus demonstrating to the jury that J.H. was capable of lying and rebutting the testimony of a State witness that J.H. could not lie. Appellant also contended that Amy would have been an important "eye witness" who could have testified that J.H. had talked of having multiple sexual encounters, which would have suggested to the jury that J.H. understood what she was doing when she engaged in intercourse with appellant. He argued that Amy's testimony would have established that he could not have been guilty of having engaged in sexual conduct with a mentally defective person who was incapable of giving consent because J.H. had been knowledgeable about sex and initiated intercourse with him. At the Rule 37.1 hearing, counsel testified that he did not believe that Amy's testimony would have benefited the defense.

The trial court declined to grant postconviction relief on the claim, and we find no error. The gravamen of the charge against appellant was that he had engaged in sexual relations with J.H. who was incapable of consent by virtue of her mental age of six or seven years. Appellant did not argue that he had not engaged in intercourse with J.H. and that fact was proven by appellant's having fathered J.H.'s child. Under the circumstances, it cannot be said that the outcome of the trial would have been different had the jury known that J.H. had been incorrect in her testimony about Amy's presence. With respect to Amy's ability to shed light on J.H.'s prior sexual experience, even if such testimony had been admissible, appellant did not show that Amy's testimony would have demonstrated that J.H.'s intellectual functioning was such that she was capable of consent.

In a related claim, appellant argues that counsel should have filed a formal motion to permit evidence of J.H.'s prior sexual conduct to be admitted into evidence at trial. He notes that, when he argued on direct appeal that the trial court erred in not allowing such testimony, this court held that the issue was not preserved for appeal. He contends that counsel's failure to file the motion challenging the Arkansas rape-shield statute, codified at Arkansas Code Annotated section 16-42-101 (Repl. 1999), resulted in his being unable to confront witnesses.

When it is asserted that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Conley*, 2014 Ark. 172, 433 S.W.3d 234 (citing *Mitchell v. State*, 2012 Ark. 242). For that reason, appellant must demonstrate that a motion challenging application of the rape-shield statute to

his case would have had merit. *See Conley*, 2014 Ark. 172, 433 S.W.3d 234 (citing *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294). Counsel at trial made numerous attempts to elicit testimony that concerned J.H.'s prior sexual conduct, which were rebuffed by the trial court, and appellant has not shown that a formal objection to application of the rape-shield statute to his case would have been successful.

Moreover, at the evidentiary hearing, counsel testified that he did not file such a motion as a matter of trial strategy. He explained that he did not believe that it would have been helpful to the defense in light of the fact that appellant was charged with having engaged in sex with a mentally deficient person, and evidence of J.H.'s prior sexual conduct would have caused the jury to see her as a sympathetic figure who had been preyed upon by others. It was preferable, therefore, to focus on appellant's reasons for believing that she was capable of consent. Counsel further said that he feared that focusing on J.H.'s prior conduct rather than her conduct with appellant would have risked alienating or angering the jury and would have resulted in a longer sentence of imprisonment if appellant were found guilty.

Counsel is allowed great leeway in making strategic and tactical decisions. *Ellis v. State*, 2014 Ark. 24 (per curiam) (citing *Leak v. State*, 2011 Ark. 353 (per curiam)). We have repeatedly held that matters of trial strategy, even if the strategy proves improvident, are not grounds for granting postconviction relief. *Hayes v. State*, 2014 Ark. 104, 431 S.W.3d 882; *Prater v. State*, 2012 Ark. 164, 402 S.W.3d 68; *Fretwell v. State*, 292 Ark. 96, 728 S.W.2d 180 (1987) (per curiam). Nevertheless, the decisions must be based on reasonable professional judgment. *Ellis*, 2014 Ark. 24; *Clarks v. State*, 2011 Ark. 296 (per curiam); *Leak*, 2011 Ark. 353. Here, as the crux of the

charge against appellant was the ability of the victim to give consent, appellant did not establish that counsel's decision not file a motion challenging the rape-shield statute was not an exercise of reasonable professional judgment.

Appellant also argues that counsel was remiss in not calling an expert witnesses to rebut testimony by the State's witnesses that J.H. functioned on a six-or seven-year-old level and to show that she was not taking "mental medication." He did not, however, state in his petition or at the evidentiary hearing what expert would have been available to contradict the testimony or on what information an expert could have contradicted the testimony that J.H. was of low intelligence. While he alleges that doctors should have been called to testify for the defense, that a mental evaluation of J.H. should have been conducted, and that a more in-depth investigation should have been carried out by counsel to show that J.H. was capable of giving consent, he fails to demonstrate that more investigation would have uncovered specific facts that would have benefited the defense or that there was good cause for the defense to move for a mental evaluation of J.H., which might have resulted in further proof of the low level of J.H.'s intellectual functioning. Again, appellant failed to offer facts to show actual prejudice to the defense.

To warrant postconviction relief on the ground that counsel was ineffective for failure to perform adequate investigation, a petitioner must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the trial outcome. *Green v. State*, 2014 Ark. 284 (per curiam); *Bryant*, 2013 Ark. 305, 429 S.W.3d 193.

SLIP OPINION

This court has held that general assertions, unsupported with facts, that counsel did not meet with the defendant often enough, or did not prepare for trial aggressively enough, do not provide a basis for a finding of ineffective assistance of counsel. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918 (citing *Furr v. State*, 297 Ark. 233, 761 S.W.2d 160 (1988)). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *Green*, 2014 Ark. 284; *Dixon v. State*, 2014 Ark. 97 (per curiam) (citing *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477). Appellant has failed to provide facts sufficient to show that he was prejudiced by counsel's failure to properly investigate the case before trial or failure to call doctors as witnesses for the defense.

Appellant was allowed at the evidentiary hearing to raise the issue of whether he was prejudiced by counsel's failure to make him aware of a plea bargain offered by the State whereby he would be allowed to plead guilty and be sentenced to ten years' imprisonment. While this issue was not raised in the Rule 37.1 petition, it was raised at the hearing, and the trial court ruled on the issue. As the question was raised at the hearing and ruled on by the court, it is clear that the court constructively allowed appellant to amend his petition to bring up the issue. Accordingly, the issue can be raised in this appeal. *See Chunestudy v. State*, 2014 Ark. 345, ___ S.W.3d ___ (per curiam); *see also Croft v. State*, 2010 Ark. 83 (per curiam).

As evidence that counsel failed to communicate the plea offer to him, appellant produced a document that he contended contained the offer. Counsel testified that he had never seen the

document, that the only plea offer that was made by the State was an offer for appellant to plead guilty and accept a forty-year prison sentence, and that the document was an obvious forgery. The deputy prosecutor whose name appeared on the document testified that no such offer was made, that the document was not in the form routinely used by her office, that she had not signed the document, and that it appeared to have been a forgery utilizing her signature taken from some other document. The trial court held that the witnesses for the State were more credible than appellant and denied relief. It was for the trial court as fact-finder to assess the credibility of the witnesses at the hearing and determine whom to believe. *Barber v. State*, 2014 Ark. 179 (per curiam) (citing *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727). Accordingly, appellant has not shown that the trial court's decision on the issue was reversible error.

Appellant next contends that counsel should have objected to the State's having allowed J.H. to visit the courtroom prior to trial. He alleges that the visits amounted to coercion by the State for J.H. to testify in a particular way and indicates that she was coached on what to say at trial. Because he offered no substantiation for the allegation that J.H. was coerced or coached to give certain testimony, appellant did not show that counsel was ineffective under the *Strickland* standard for not challenging J.H.'s testimony. His claims were not supported by facts sufficient to overcome the presumption that counsel's conduct was within the wide range of reasonable, acceptable professional assistance. As appellant did not meet his burden of demonstrating that counsel made a specific error that prejudiced the defense, the trial court did not err in declining to grant relief under Rule 37.1 on the allegation. When there is no factual support for an allegation that demonstrates a specific failure on the part of counsel, there is no showing of

SLIP OPINION

ineffective assistance of counsel under the *Strickland* standard. *Caery*, 2014 Ark. 247 (citing *Mathis v. State*, 2014 Ark. 148 (per curiam) (holding that conclusory allegations are insufficient to overcome the presumption that counsel is effective under *Strickland*)).

Finally, intertwined with his arguments pertaining to claims of ineffective assistance of counsel, appellant has included assertions in his brief that the evidence was insufficient to sustain the judgment and that there were multiple instances of trial error. Such claims are not cognizable in a Rule 37.1 proceeding. *Armstrong v. State*, 2014 Ark. 127 (per curiam). Claims of mere trial error that could have been addressed at trial, and on the record on direct appeal, are not grounds for relief under Rule 37.1. *Id.*; *Malone v. State*, 294 Ark. 127, 741 S.W.2d 246 (1987) (per curiam). Rule 37.1 is also not a means to challenge the admissibility or the sufficiency of evidence. *Armstrong*, 2014 Ark. 127; *see also Jackson v. State*, 2013 Ark. 19 (per curiam); *Watson v. State*, 2012 Ark. 27 (per curiam) (assertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal); *Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam) (allegations of trial error that could have been raised at trial or on appeal may not be raised in Rule 37.1 proceedings).

Affirmed.

*Billy Wayne Stewart*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.