SLIP OPINION

Cite as 2015 Ark. 137

# SUPREME COURT OF ARKANSAS

No. CR-14-906

| | | |
|---|---|---|
| TOMMY BOWDEN | | **Opinion Delivered** April 2, 2015 |
| | APPELLANT | |
| | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF [JOHNSON COUNTY CIRCUIT COURT, NO. 36CR-12-39] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE WILLIAM M. PEARSON, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

In 2013, appellant Tommy Bowden was found guilty by a jury of first-degree murder of his mother and sentenced to life imprisonment without parole. On appeal, appellant did not challenge the sufficiency of the evidence. Instead, he argued that the trial court erred in granting the State's motion in limine and excluding the testimony of Dr. Bradley Diner, a psychiatrist. Appellant contended that Dr. Diner's testimony that he had a mental disease or defect should have been allowed as relevant in determining the occurrence of an "extreme emotional disturbance," as referenced in the statutory definition of manslaughter, because the defense had intended to request that the jury be permitted to consider manslaughter as a lesser-included offense of first-degree murder.[1] We concluded that the "extreme emotional disturbance"

---

[1]Pursuant to Arkansas Code Annotated section 5-10-104(a) (Supp. 2011),

    (a) A person commits manslaughter if:

    (1)(A) The person causes the death of another person under circumstances that

necessary to satisfy the definition of manslaughter is not the type of disturbance that is internally caused by mental disease or defect. We also rejected any argument that Dr. Diner's testimony was relevant to prove that an "extreme emotional disturbance" was caused by appellant being provoked to commit the murder based on his belief that his mother was poisoning him and his stepfather. We held that, because the circumstances surrounding the murder did not evidence that the murder occurred "in the heat of passion" or in the "moment following provocation," any such belief by appellant was not an event of provocation that could result in the type of disturbance that would reduce a homicide from murder to manslaughter. Appellant did not challenge on appeal the trial court's ruling that Dr. Diner's opinion failed to provide him with an affirmative defense of mental disease or defect. *Bowden v. State*, 2014 Ark. 168.

Appellant subsequently filed in the trial court a timely, verified pro se petition for relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013), alleging that he had not been afforded effective assistance of counsel and that he was denied a fair trial stemming from a motion to change venue. The trial court denied the petition without a hearing.[2] Appellant

---

would be murder, except that he or she causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse.
(B) The reasonableness of the excuse is determined from the viewpoint of a person in the actor's situation under the circumstances as the actor believed them to be.

[2]Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying

timely lodged this appeal. Now before us are appellant's motions for extension of time to file his brief.

We need not consider the merits of the motions because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Jordan v. State*, 2013 Ark. 469 (per curiam); *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Accordingly, the appeal is dismissed, and the motions are moot.

A review of the petition and the order reveals no error in the trial court's decision to deny relief. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment

---

postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his petition, appellant argued that counsel did not provide effective assistance because he failed to provide appellant with a "motion for discovery," presumably the State's response to discovery requests, in a timely manner so that appellant could assist with his defense; that, despite appellant's request for a toxicology report, counsel did not provide him with the report or present a copy to the jury; that counsel did not allow appellant to assist with the appeal of the judgment. With regard to the toxicology report, appellant did not state the purpose of the report or otherwise advance any argument concerning how he was prejudiced. The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims that counsel's conduct prejudiced him under the standards set out in *Strickland*. *Nickelson v. State*, 2013 Ark. 252 (per curiam). As appellant did not state how the defense was prejudiced by any inaction on counsel's part at trial or on appeal, he did not meet the second prong of the *Strickland* test. *See Young v. State*, 2015 Ark. 65  S.W.3d 6 (holding that a claim of ineffective assistance of counsel was conclusory where appellant failed to demonstrate the requisite prejudice).

Appellant also raised a series of allegations stemming from his contention that, despite evidence that he had filed a police report against his mother alleging that she was poisoning him, brought suspected poisoned items to the sheriff's office, and visited a physician's office for treatment for ingesting poison, counsel failed to adequately present mitigating factors and advance at trial the theory that he had killed his mother as a result of provocation causing extreme, emotional disturbance due to her efforts to poison him and his stepfather. Appellant acknowledged that the defense theory advanced by counsel was that appellant's "psychological

problems" were a contributing factor causing him to commit the murder, but he argued that he wanted counsel to argue that he was provoked to commit the crime because his mother was actually poisoning him. Appellant argued that, because the jury did not hear evidence that his mother was poisoning him, a longer sentence than he deserved was imposed. Specifically, appellant claimed that counsel provided ineffective assistance because he failed to obtain a witness statement from his stepfather to show that his mother had been abusing and poisoning him; did not ask a deputy sheriff during cross-examination why the suspected poisoned food items were not examined when appellant made a report to the sheriff's office in which he alleged that he was being poisoned; failed to obtain a witness statement from the physician's office receptionist, who would have stated that, when appellant came to his appointment, he believed that he had been poisoned;[3] and did not inform the jury that police officers turned off the recorder during his confession when he talked about his suspicions that his mother was poisoning him.

The record does not support appellant's allegations that testimony regarding his suspicions was not elicited by counsel. In fact, the record reflects that counsel repeatedly examined witnesses with regard to appellant's suspicion that he was being poisoned by his mother. As to the specific testimony referenced by appellant in his petition, the record includes

---

[3]While appellant also alleged that the physician who examined him at his appointment did not testify that he recommended that appellant take charcoal tablets for ingestion of toxins, he does not claim that counsel was ineffective in his examination of the physician. In any event, the record reflects that counsel did question the physician as to whether he had recommended that appellant purchase charcoal tablets, and the physician responded that he did not remember making that recommendation and doubted that he did so.

testimony that appellant's stepfather had suffered a stroke resulting in a limited ability to communicate and was in a rehabilitation nursing home; that counsel repeatedly questioned officers at trial about appellant's attempt to report to the sheriff's office that he was being poisoned by his mother; that the physician who examined appellant at his appointment testified that appellant indicated to his office staff that he believed that he had been poisoned; that counsel elicited testimony from an investigating officer that appellant stated during his statement that he believed that his mother was poisoning him and his stepfather.

To the extent that appellant was contending that counsel was remiss in failing to argue that he killed his mother as a result of provocation resulting from her poisoning him and that such an argument would have supported the submission of the lesser-included offense of manslaughter to the jury, this argument must fail. As stated, we rejected the argument that testimony regarding appellant's suspicions was admissible to support submission of manslaughter as a lesser-included offense to the jury, finding that, based on the circumstances surrounding the murder, appellant's belief that the victim had been poisoning him and his stepfather was not an event of provocation that could cause an "extreme emotional disturbance" necessary to reduce a homicide from murder to manslaughter. *Bowden*, 2014 Ark. 168. To the extent that appellant was alleging that counsel was ineffective because, if counsel had advanced the theory during the sentencing phase of the trial that his mother was poisoning him and his stepfather, a lesser sentence would have been imposed, this argument must also fail. Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel.

*Anderson v. State*, 2015 Ark. 18, ___ S.W.3d ___ (per curiam); *Mister v. State*, 2014 Ark. 446. While the decisions must be based on a reasonable professional judgment, counsel is allowed great leeway in making strategic and tactical decisions. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538. Appellant acknowledges that the defense theory was based on his "psychological problems," and the record is clear that counsel advanced the theory that, as a result of his mental illness, appellant believed that his mother was attempting to poison him and that he ultimately murdered her in response to this delusional thinking. During the sentencing phase, counsel called as a witness Dr. Diner, who testified that he had diagnosed appellant with paranoid schizophrenia and that appellant murdered his mother as a result of his psychotic, delusional thinking that included the belief that his mother was poisoning him. Thus, any argument or evidence that the murder was provoked by the victim's actual poisoning of appellant would have been inconsistent with counsel's trial strategy. It was appellant's burden to show that specific acts or omissions by counsel could not have been the result of reasonable professional judgment. He did not demonstrate that the chosen strategy was unreasonable and thus did not meet his burden to overcome the presumption that trial counsel's conduct fell within the wide range of professional assistance. *See Anderson*, 2015 Ark. 18, ___ S.W.3d ___.

Finally, appellant summarily alleged that he was denied a fair trial because he had made a motion for change of venue. To the extent that appellant was alleging that a motion for change of venue was erroneously denied by the trial court, appellant did not raise that issue on appeal. Claims of mere trial error that could have been addressed at trial or on appeal are not grounds for relief under Rule 37.1. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam);

*Armstrong v. State*, 2014 Ark. 127 (per curiam).

Appeal dismissed; motions moot.