Robin F. Wynne, Justice, concurring. I agree with the majority’s decision to affirm the denial of appellant’s petition for postconviction relief. I would, however, affirm on a different basis than that relied on by the majority. The majority affirms the circuit court’s order denying the petition for postconviction relief on the basis that the decision not to object to the deputy’s testimony was one of trial strategy by appellant’s trial counsel. As recited by the majority, counsel testified at the hearing on the petition that he did not object to the testimony at issue because he did not | fiwant the jury to think he was afraid of the deputy’s testimony. Decisions regarding trial strategy must be based on reasonable professional judgement. See Stewart v. State, 2014 Ark. 419, 443 S.W.3d 538. I cannot accept that a decision not to object to testimony clearly beyond the purview of a lay witness because counsel does not want to be seen as being “afraid” of the testimony is a decision that springs from reasonable professional judgment. Therefore, I would not affirm the trial court’s decision on the basis that the decision was one of trial strategy. However, in addition to a showing of deficient performance, a petitioner must show that counsel’s deficient performance prejudiced the defense, which requires showing that counsel’s errors were so serious as to deprive the petitioner of a fair trial. See Adams v. State, 2013 Ark. 174, 427 S.W.3d 63. In doing so, the petitioner must show that there is a reasonable probability that the fact-finder’s decision would have been different absent counsel’s errors. Id. Here, appellant failed to demonstrate a reasonable probability that an objection to the deputy’s testimony would have caused the jury to reach a different verdict, in light of the other evidence presented by the State at trial. Thus, I would affirm the trial court’s decision on the basis that appellant failed to demonstrate prejudice.